UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
EMIR CUNNINGHAM,

                              **Plaintiff,**

          -against-

ROSE AGRO, Former Warden Of Anna M. Kross Center,

                             **Defendant.**

------------------------------------------------------------------ x

**15-CV-1266 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

    Plaintiff Emir Cunningham brings this action against Defendant Rose Agro, the former Warden of the Anna M. Kross Center at Rikers Island, pursuant to 42 U.S.C. § 1983. Before the Court is Defendant's Motion for Summary Judgement. ECF No. 115. After careful consideration, Defendant's motion for summary judgment is GRANTED.

## BACKGROUND

    The Court assumes the parties' familiarity with the facts and procedural background of the case, which are more fully laid out in the Court's Opinion and Order on the Motion to Dismiss the Second Amended Complaint. *See* ECF No. 69. The only surviving claims from the Second Amended Complaint of August 8, 2018 (ECF No. 43) are those against Rose Agro, the former Warden of the Anna M. Kross Center ("AMKC") on Rikers Island.

    In short, these claims center around Plaintiff's time at the AMKC, which began on or about October 5, 2013 and ended on or about October 17, 2013. *See* Plaintiff's Statement of

Undisputed Facts, ECF No. 125, ¶ 17; ¶ 64. Plaintiff alleges that his then fiancé submitted a 311 complaint about the conditions of his incarceration on October 8, 2013. ECF No. 125, ¶¶ 37-41. The 311 complaint was forwarded to Defendant Agro's office on that same day. ECF No. 125, ¶ 43; Ex. L. A response was sent on Ms. Agro's behalf on October 11, 2013 to a number of individuals who were likely Ms. Agro's deputies, directing them to "investigate immediately and report [their] findings to . . . this office today, October 11, 2013." *Id.*

Plaintiff Emir Cunningham asserted claims for deliberate indifference, excessive force, failure to intervene or protect, and civil conspiracy to violate civil rights in connection with his period of incarceration at the Anna M. Kross Center ("AMKC"), a New York City Department of Correction ("DOC") facility. Following further proceedings in the case after the motion to dismiss stage, Plaintiff dropped his claims for excessive force as to Defendant Agro. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. ECF No. 123 at 18, n. 9.

## LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-

moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citing *Anderson*, 477 U.S. at 255)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with "concrete particulars demonstrating that trial is necessary." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993) (citing Fed. R. Civ. P. 56(e)). Although the Court must view the facts in a light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Dister v. The Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). *See Delaware & Hudson Ry. v. Consolidated Rail Corp.*, 902 F.2d 174, 176 (2d Cir.1990), *cert. denied*, 500 U.S. 928 (1991). Thus, summary judgment cannot be defeated by drawing attenuated inferences, nor by relying "on mere speculation or conjecture as to the true nature of the facts." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987). Rather, "[t]he plaintiff, to avoid summary judgment, must show a genuine issue by presenting evidence that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial." *Cornett v. Sheldon*, 894 F. Supp. 715, 724 (S.D.N.Y. 1995) (citations omitted). *See Anderson*, 477 U.S. at 248; *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir. 1997). In so doing, plaintiff must produce evidence in the record and may not rely simply on conclusory

statements or on contentions that the affidavits supporting the motion are not credible. *See Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983).

To state a constitutional claim based on the conditions of confinement, a plaintiff must establish "deliberate indifference to an objectively serious need." *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). First, the alleged deprivation must be "sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain[,] exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotations omitted). This is commonly known as the 'objective prong.' To satisfy the objective prong, "a prisoner must prove that the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). "Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient" to sustain such a claim. *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999). Second, the detainee must establish that the defendant acted with a culpable state of mind under the so-called 'subjective prong.' *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The defendant must have acted intentionally, or "recklessly failed to act with reasonable care to mitigate the risk" although the defendant "knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

## DISCUSSION

*Potential Administrative Remedies Claims*

The primary allegations in the Second Amended Complaint concerning Defendant are the allegations that Plaintiff submitted a grievance to Defendant and that Plaintiff did not obtain any resolution of his claims through DOC's grievance process. Second Amended Complaint ¶ 65. At

most, there was a period of approximately six days between the time that it appears Warden Agro was aware of his complaints and the time he was transferred out of AMKC. Under these circumstances, Plaintiff was transferred before any resolution of his claims was likely to occur, and it was objectively reasonable for Defendant to believe that she had no constitutional obligation to resolve Plaintiff's claims after he had been transferred to another facility and any issues concerning his detention at AMKC were rendered moot.

In addition, allegations that Defendant did not properly respond to grievance claims do not violate any due process right. "[I]t is well-established that inmates do not have a protected liberty interest in the processing of their prison grievances." *See Monroe v. Gerbing*, 16-CV-2818 (KMK), 2017 WL 6614625, at *14 (S.D.N.Y. Dec. 27, 2017). Further, "inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." *Njasang Nji v. Heath*, 13-CV-200 (CM,) 2013 WL 6250298, at *6 (S.D.N.Y. Dec. 2, 2013). Therefore, any claims based purely on an alleged 'failure to respond' theory or 'failure to follow DOC policies' are unavailing.

The parties dispute whether Mr. Cunningham failed to exhaust his administrative remedies at AMKC as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), or whether his failure to exhaust administrative remedies is excused. The record is unclear on this matter, so the Court resolves it in favor of Plaintiff. As has been stated before in this district, "[b]ecause nonexhaustion is an affirmative defense, a plaintiff is not required to plead or demonstrate exhaustion in a complaint." *Seymore v. City of New York*, No. 12 Civ. 6870, 2014 WL 1259563, at *3 (S.D.N.Y. Mar. 26, 2014) (citing *Jones v. Bock*, 549 U.S. 199, 212 (2007)). It follows that a claim should be dismissed for failure to exhaust only if

'nonexhaustion is clear from the face of the complaint, and none of the exceptions outlined by the Second Circuit are germane.'" *Martinez v. Schriro*, No. 14 Civ. 3965 (KMW)(RLE), 2017 WL 87049, at *3 (S.D.N.Y. Jan. 9, 2017) (internal citations and quotations omitted). Defendant fails to establish this affirmative defense, and therefore the Court does not reach the question of whether Plaintiff properly utilized and exhausted AMKC/DOC's administrative grievance process.

Even assuming that the exhaustion requirement was excused or properly met, Plaintiff has made no claim for deliberate indifference. Because the failure to follow the administrative grievance process is not in and of itself a § 1983 claim, the Court now consider what appears to be Plaintiff's underlying claim – deliberate indifference to his needs while incarcerated.

*Deliberate Indifference Claim: Medical Care*

Plaintiff claims that he did not receive his medication for mental health conditions while incarcerated at AMKC. Plaintiff's Statement of Undisputed Facts, ECF No. 125, ¶¶ 27-31. He also states that he was not seen by any medical professionals during his time at AMKC. Plaintiff's Deposition Tr. ECF No. 125, Ex. P, 190:22-192:15. However, Defendant disputes this, citing to corrections medical records showing that plaintiff spoke with multiple medical personnel during his stay at AMKC, including mental health counselors, physicians, and an audiologist that provided him with a hearing aid. Defendant's Statement of Undisputed Facts, ECF No. 125, ¶¶ 9-14. Plaintiff claims that he does not recall these medical appointments and makes generalized allegations that the records could have been falsified. These are not sufficient to contradict voluminous health records from the time that Plaintiff was at AMKC. The Second Circuit has held that a party cannot create a material dispute based purely on their own

6

conclusory statements. A plaintiff must produce evidence in the record and may not rely "simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *See Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983). Plaintiff's failure to recall the medical appointments is not a sufficient basis for the Court to conclude that the medical records have been falsified, or to create a factual dispute as to their veracity.

Further, even assuming that Plaintiff did not receive medical care for the time period he was at AMKC, the record does not support a conclusion that the delay in his care was sufficiently serious. Where a plaintiff alleges a delay in medical treatment (rather than the outright denial of medical treatment), then the "sufficiently serious" inquiry focuses on the challenged delay itself, rather than on the underlying condition alone. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Thus, a short interruption of care, even if the underlying medical condition is serious, does not constitute a serious medical need where "the alleged lapses in treatment are minor." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). "Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, [the Second Circuit] has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for three days, or delayed major surgery for over two years." *Demata v. New York State Correctional Dep't of Health Servs.*, 198 F.3d 233, at *5 (2d Cir. 1999) (internal citations omitted) (internal quotation marks omitted).

The alleged delay in this case is not "sufficiently serious." Plaintiff received psychiatric care and consultations while he was at AMKC and received a hearing aid within a few days. Regarding the subjective prong, Plaintiff does not provide instances of medical personnel recklessly failing to act with reasonable care. Upon notifying medical personnel of his

symptoms, he received prescriptions for his conditions and a hearing aid. Therefore, even if there was a delay in care, there is no evidence that personnel acted with the requisite subjective intent.

### *Deliberate Indifference Claim: Housing, Food, Showers*

Plaintiff claims that he made complaints about his housing arrangements, food, and access to showers while he was at AMKC. Defendant's Rule 56.1 Statement Of Undisputed Facts In Support Of Defendant's Motion For Summary Judgment, ECF No. 125, ¶ 4 (housing), ¶¶ 19-20 (food), ¶¶ 46-47 (access to showers). However, for each of these, Plaintiff fails to show a sufficiently serious condition, and also fails to show that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" to satisfy the subjective prong. "To constitute deliberate indifference, [t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)

The conduct described does not reach this threshold. As noted in Defendant's Statement of Undisputed Facts, Plaintiff was offered food around three times a day. *See Id.* at ¶¶ 19-20. Cunningham stated in his deposition that "Whenever I asked, I was offered [food] a couple of times by a few female COs." Plaintiff's Deposition Tr. ECF No. 125, Ex. P at 161:10-12. Although Plaintiff alleges that he was involved in altercations in his housing and that it was crowded in the AMKC Receiving Room, these do not amount to unconstitutional conditions of confinement, as there was not "an excessive risk" to Cunningham's safety. Finally, although the parties dispute whether Warden Agro was aware that Cunningham had complaints about his access to showers, he does not show that she knew of and disregarded "an excessive risk to inmate health or safety."

The Court finds the rest of Plaintiff's arguments unavailing, and because there was no underlying constitutional claim against Defendant, it does not reach the civil conspiracy[1] or qualified immunity arguments.

## CONCLUSION

For the above reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 115 and close the case.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **March 27, 2023**

                                     **ANDREW L. CARTER, JR.**
                                     **United States District Judge**

---

[1] "To prove a conspiracy claim under Section 1983, a plaintiff must show (1) an agreement between two or more actors; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Randle v. Alexander*, 170 F. Supp. 3d 580, 591 (S.D.N.Y. 2016) (internal quotations omitted). Since there is no unconstitutional injury, the civil conspiracy claim must fail.